

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**United States Bankruptcy Judge**

**Signed June 02, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CAMRON WESTON MUNGER, | § | CASE NO. 09-20687-RLJ-13 |
| | § | |
| DEBTOR. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court for consideration is the objection by the debtor, Cameron Munger, to proof of claim number 10, filed by Creditor 3601 Olsen, LLC. In lieu of a hearing on this matter, the parties stipulated to the facts and submitted the issues to the Court for consideration on the pleadings.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. Where necessary, findings of fact may be construed as conclusions of law, and vice versa.

**FACTUAL BACKGROUND**

Munger ("Munger" or "Debtor") and 3601 Olsen, LLC ("Olsen") executed a lease agreement in August 2007.[1] Under the lease, Munger agreed to pay rent to Olsen in return for the right to use a commercial building located at Block No. 37 of Lawrence Park in Amarillo, Texas for the purpose of running a nightclub. Lease Agreement p. 1. The terms of the agreement granted Olsen a security interest in "Tenant's goods and inventory now or subsequently located on the Premises." *Id.* ¶ 5.10. The stipulations do not otherwise describe the "goods and inventory," nor do they provide their value or even confirm their current existence. Munger failed to make payments according to the lease terms and abandoned the premises in the fall of 2008. Olsen then filed suit in state court for damages as a result of the breached lease.

On October 9, 2009, Munger filed a Chapter 13 petition, listing Olsen as an unsecured creditor owed $23,940. The first meeting of creditors was held November 17, 2009, and the plan was confirmed about a month later on December 14, 2009. Olsen received notice of the filing and a copy of the plan but did not file a claim before the February 15, 2010 bar date. The Chapter 13 Trustee then recommended that Olsen's claim be disallowed. Olsen filed a response to the Trustee's recommendation on June 10, 2010, and contemporaneously filed a proof of claim, asserting it held a secured claim for $27,010. In July 2010, Munger filed the instant objection to Olsen's claim asserting, *inter alia*, it should be disallowed as late-filed.

The parties now ask the Court to determine whether Olsen's claim is allowed despite the date it was filed, and whether and to what extent Olsen has a secured claim.

---

[1] The stipulation filed with the Court states the lease agreement was executed in August 2008, but a copy of the lease attached to the stipulation provides "August 15, 2007."

## DISCUSSION

**1.     Following an objection, a late-filing secured creditor receives no distribution under a Chapter 13 plan.**

     a.     *A creditor seeking payment under a Chapter 13 plan must file a proof of claim.*

Section 501 of the Bankruptcy Code begins any claims analysis. Subsection (a) of that provision states, in relevant part, that a "creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). Such claim is automatically "deemed allowed, unless a party in interest . . . objects." *Id.* at § 502(a). Federal Rule of Bankruptcy Procedure 3002 sets out the procedure for filing claims. It provides, "[a]n *unsecured creditor* or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed . . . ." Fed. R. Bankr. P. 3002(a) (emphasis added).[2] The Rule further provides that "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors . . . ." *Id.* at 3002(c).

The issue thus becomes whether a *secured creditor* must file a proof of claim within the required time frame to receive payment under a plan, or, as Olsen contends, whether secured creditors are effectively exempted from filing a claim by virtue of their omission from the language in Rule 3002(a). The Court acknowledges that the language of Rule 3002(a) permits a secured creditor to abstain from filing a proof of claim in a bankruptcy case. It does not mean, however, that abstaining creditors are paid under a Chapter 13 plan. This is clear because the Code instructs Chapter 13 trustees to pay creditors under the terms of a plan. *See* 11 U.S.C. § 1326(c). Plans pay allowed claims. *See* Fed. R. Bankr. P. 3021. A claim must be filed for it to be allowed. A secured creditor must file a claim to receive payment under a Chapter 13 plan. *Accord In re Hogan*, 346 B.R. 715, 719 (Bankr. N.D. Tex. 2006).

---

[2] Rule 3002(a) lists several exceptions to the filing requirement, but none are relevant to this issue.

      b.      *A secured creditor must file a timely proof of claim to receive payment in a Chapter 13 plan.*

Continuing with the framework for claims analysis, under section 502(a), a claim is allowed unless a party-in-interest objects. If, however, an objection is made because a "proof of claim is not timely filed" and the claim is in fact not timely filed, the claim must be disallowed. § 502(b)(9) ("if such objection to a claim is made, the court . . . shall allow such claim . . . except to the extent that . . . proof of such claim is not timely filed . . . .").[3]

Unlike Rule 3002(a), which makes specific reference to unsecured creditors, Rule 3002(c)—the provision governing timeliness—makes no such distinction. Instead, it provides a blanket rule: claims filed more than 90 days after the first date set for the § 341 meeting of creditors are late. Similarly, section 502(b)(9) does not distinguish between secured and unsecured creditors. And it leaves the court no discretion; if a claim is filed late and objected to on that basis, it must be disallowed. *See Hogan*, 346 B.R. at 721; *see also* H.R. Rep. No. 31, 109th Cong., 1st Sess. 716 (2005) (explaining the subsection is to "deal with the issue of late-filed claims" by "disallowing claims that are not timely filed.").

Here, the deadline to file non-governmental claims was February 15, 2010. Olsen missed that deadline by a wide margin when it filed its claim on June 10, 2010. Accordingly, Olsen's claim is disallowed.[4] The Court notes that its disallowance of Olsen's claim does not mean

---

[3] Section 502(b)(9) further provides that claims are barred "except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure . . . ." This provision creates a limited exception to the general rule barring late-filed claims.

[4] Olsen urges the Court to consider the Fifth Circuit's opinion *In re Waindel*, 65 F.3d 1307 (5th Cir. 1995), for the proposition that late-filed claims are to be treated as tardy but not disallowed in Chapter 13. *Waindel*'s precedential value on this case is limited. The debtors there, the Waindels, filed their Chapter 13 case in 1991; *Waindel* therefore interpreted a pre-amendment version of the Code that contained no bar to allowance of late-filed claims. *See id.* ("While § 502(b) lists various exceptions to the 'allowance' of claims against the debtor . . . untimeliness is not among them."). Since *Waindel* does not account for the controlling provision in this dispute, section 502(b)(9), its analysis is not dispositive in this case.

Olsen's claimed security interest is void. *See Hogan*, 346 B.R. at 723. As was pointed out in *Hogan*, disallowance of a secured claim for untimeliness bars distribution to the secured creditor, but it does not void the lien securing the claim. *Id*.

2.  **The Court has no jurisdiction to determine the extent and value of a lien having no effect on the bankruptcy estate.**

The Court is next asked to determine whether and to what extent Olsen holds a lien on certain collateral. Specifically, Olsen invites the Court to find (through a veil-piercing analysis) that Olsen has a valid lien against collateral held by the Debtor and also against the collateral of two entities related to the Debtor.

The Court's jurisdiction is governed by 28 U.S.C. § 1334. That statute conveys original, but not exclusive, jurisdiction to district courts to adjudicate civil proceedings "arising under," "arising in," or "related to" a case under the Bankruptcy Code. It is generally agreed that of the three categories, "related to" is the most tangential to the bankruptcy case. *See In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). Thus, to determine whether jurisdiction exists, a court need only consider whether a matter is at least "related to" the bankruptcy. *Id*. In the Fifth Circuit, the test is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in the bankruptcy." *Id.*

The parties' stipulations recognize that Munger granted a security interest to Olsen in "goods and inventory" located on the leased property. As stated above, the stipulations do not otherwise identify the goods and inventory, their value, or whether they even still exist. There is also no evidence addressing an alter ego theory or other piercing doctrines that are raised by Olsen's brief. In short, the evidence before the Court simply supports a conclusion that a security

interest was granted in goods and inventory. It is unclear to the Court how such conclusion can have "any effect" on the bankruptcy estate. The *Hogan* opinion identifies the possible ramifications that result from a situation in which a secured creditor's claim (assuming a valid security interest) is disallowed as late-filed and is therefore not included in the Chapter 13 plan/case. *See Hogan*, 346 B.R. at 723.

Having determined Olsen's claim is disallowed and thus precluded from payment under Munger's Chapter 13 plan, the Court fails to appreciate how its determination of the existence or extent of Olsen's lien has any conceivable effect on the bankruptcy estate.

## CONCLUSION

In accordance with the foregoing authorities, it is hereby

**ORDERED** that the late-filed proof of claim of Olsen is disallowed; it is further

**ORDERED** that the Court does not presently have jurisdiction to decide the existence and/or extent of Olsen's secured claim.

### End of Memorandum Opinion and Order ###